UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV281-3-V
(5:03CR13-4-V)

| | |
|---|---|
| **PEDRO CANTU-RIOS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Vacate, Set Aside, Or Correct Sentence," filed November 28, 2005 (Document No.1.) On December 1, 2005, this Court issued an Order directing Petitioner to file a document within twenty (20) days explaining why his Petition should be construed as timely filed (Document No. 2.) On December 27, 2005 Petitioner filed a response to this Court's December 1, 2005 Order which was dated December 18, 2005 (Document No. 3.)

A review of the record reflects that on October 24, 2003, Petitioner pled guilty to one count of conspiracy to possess a controlled substance. This Court sentenced Defendant on September 7, 2004 to a term of 120 months imprisonment plus eight years supervised release. Judgment was entered October 15, 2004 and Petitioner did not appeal. Petitioner filed the instant § 2255 motion on November 28, 2005, over 13 months after the judgment was entered.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year

1

statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on September 7, 2004 and judgment was entered on October 15, 2004. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment was entered, around October 29, 2004. Therefore Petitioner had until October 29, 2005 to file his § 2255 motion. Petitioner did not file the instant Motion to Vacate until November 28, 2005 – that is, one month after the expiration of the limitations period.

In his response to this Court's December 1, 2005 Order, Petitioner concedes that his Motion to Vacate was filed beyond the one year limitation, however argues that he should receive the benefit of equitable tolling because he does not speak English and had to rely on other inmates to assist him in the preparation of his legal papers and he was delayed in filing his motion to vacate because he requested copies of his legal papers, specifically his presentence report, from

2

his attorney but did not receive them.

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner basically claims that if his attorney had forwarded him copies of the legal papers he requested, his motion would have been timely. He also points out that he is not English speaking and therefore has to rely on other inmates to assist him in the preparation of his legal documents.

Applying the above cited test to Petitioners particular situation, the Court finds that Petitioner fails to establish a basis for relief. His attorney's failure to forward him a copy of his presentence report is not a situation which qualifies as extraordinary, out of his control and which prevented him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's

unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

For the foregoing reasons, this Court concludes that Petitioner's November 28, 2005 Motion to vacate is untimely, does not qualify for equitable tolling, and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.

**SO ORDERED.**

Signed: January 31, 2006

Richard L. Voorhees
Chief United States District Judge